Lauriat, J.
Robert L. Longo stands indicted on charges of aggravated rape (four counts) (Indictment No. 92-1699-001), kidnapping (No. 92-1699-002), assault with intent to commit rape (No. 92-1699-003), assault with a dangerous weapon (No. 92-1699-004), intimidation of a witness (No. 92-1699-005), indecent assault and battery on a person over fourteen (No. 92-1699-006), and threatening to commit a crime (No. 92-1699-007). These indictments arise from the defendant’s alleged kidnapping and sexual assault of the alleged victim in Medford, Massachusetts, on the evening of July 16, 1992.
*211 The defendant has now moved the court in limine to allow him to present evidence at trial that the alleged victim has previously made false allegations of sexual assault, on the ground that such evidence is relevant and admissible for the jury to assess the credibility of the alleged victim. Commonwealth v. Bohannon, 376 Mass. 90 (1978).
After hearing, and upon consideration of the arguments of counsel for the defendant and the Commonwealth and the exhibits and offers of proof presented at the hearing, the defendant’s motion is allowed in part and denied in part.
DISCUSSION
While in general, evidence of prior bad acts may not be used to impeach a witness’s credibility, defense counsel has been permitted under certain circumstances, to cross-examine the alleged victim about “prior unsubstantiated and false accusations” of sexual assault. Commonwealth v. Bohannon, 376 Mass. 90, 92 (1978). Where the alleged victim is “the only Commonwealth witness” to the alleged crime and thus her credibility is “the critical issue” in the case, where her testimony is “inconsistent and confused,” and where “the defendant make[s] an offer of proof which indicate[s] that he ha[s] a factual basis from independent third-party records, for concluding that prior allegations of rape had, in fact, been made and were, in fact, untrue,” the defendant has been allowed to cross-examine the alleged victim on this subject. Commonwealth v. Bohannon, supra at 94-95.
In the present case, the defendant has presented evidence, in camera, to show that the alleged victim, Lulu Romero, has in the past made several false allegations of rape. (Exhibits 1, 3, 4, 5, 6, 7, 9, 10, 11 and 12.) The defendant has also presented evidence, in camera, showing that the alleged victim has made several inconsistent statements about the prior sexual assaults. (Exhibits 1 and 7.) Finally, the defendant has presented evidence, in camera, showing that the alleged victim may have made prior false accusations of open and gross lewdness by another. (Exhibits 2 and 8.)
The defendant has also asserted that the alleged victim is the only Commonwealth witness to the offenses with which the defendant is charged. Although the Commonwealth contends that there are other witnesses to the offenses, those witnesses did not observe the incident itself. Rather, they are “fresh complaint” witnesses who would corroborate that the alleged victim told them about the rape several days after the rape allegedly occurred. Finally, although the trial has not yet commenced, the court has observed the alleged victim and heard her testimony at an evidentiary hearing on the defendant’s motion to dismiss. Although not complex, her testimony on the issue in that hearing was inconsistent and confused, and there is no reason to believe that her testimony will be more consistent or less confusing at the trial itself.. . .
Under these circumstances, the court will allow the defendant to cross-examine the alleged victim about certain of her allegedly false prior allegations of rape. In particular, the defendant may cross-examine her about the allegations of rape by her father’s business partner in El Salvador that are set forth in the records of the New England Memorial Hospital dated August 7, 1992. (Exhibit 1.)
The defendant may also cross-examine the alleged victim about her allegations that she was sexually abused by her mother in El Salvador, since she later denied those allegations and still later stated that they were true. Since her denials were made to the Commonwealth during the course of its investigation of her present allegations of rape, and since they are inconsistent with her own prior and subsequent statements, cross-examination on this subject is appropriate to test the alleged victim’s credibility.[1]
The defendant will not, however, be allowed to cross-examine the alleged victim about accusations of open and gross lewdness and intimidation that she made against Scott Mann in Medford in the spring of 1992. Although those accusations resulted in criminal complaints being filed against Mann in the Somerville District Court, and although those complaints were ultimately dismissed, they are neither prior false allegations of sexual assault nor relevant to the issues in the present case.
Nor will the defendant be allowed to cross-examine the alleged victim about accusations of rape that she made against her then husband, Gilbert Romero, on January 21, 1992 (Exhibit 3). There are no independent third-party records to refute those accusations, and the accusations themselves are veiy general and not necessarily inconsistent with her statement that prior to the alleged rape on July 16, 1992, she had not had sexual intercourse with anyone since October of the prior year.
Finally, the court will reserve for later determination, should it become necessary, whether to allow the defendant to examine the alleged victim about her alleged accusation that her own daughter had been the victim of a forcible rape, and that she had become pregnant and needed an abortion, and about her alleged statement that she had had an abortion herself in 1985. Neither of these matters qualifies as a prior false accusation of rape under Bohannon, however, they may prove relevant on the issue of the alleged victim’s state of mind or intent at the time of her abortion on September 18, 1992. The remaining allegations of sexual assault of the alleged victim or her daughter that were described by the defendant at the conclusion of the hearing on this motion, which relate to an attempted rape of the alleged victim in a shopping mall and her report of her daughter’s alleged abduction in Los Angeles, will not be permitted sub *212 jects of cross examination on the basis of the evidence now before the court. Those incidents are too remote, speculative and irrelevant to the present case.
ORDER
For the forgoing reasons, the defendant’s Motion In Limine to Admit Evidence of the Complaining Witness’s Prior False Allegations of Rape is ALLOWED IN PART and DENIED IN PART as set forth in this memorandum of decision.

 The defendant may also cross-examine the alleged victim about the fact that she has given various authorities two different dates of birth, March 3, 1957 and December 17, 1963.